17SL-CC02744

Electronically Filed - St Louis County - July 28, 2017 - 02:24 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| **JUSTIN DONALD**, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| | ) | Cause No. |
| | ) ) | |
| vs. | ) | Division No. |
| | ) | |
| **VECTOR MARKETING CORPORATION,** | ) ) ) | |
| Serve at:  **CT Corporation System Registered Agent 600 N. 2nd Street, Suite 401 Harrisburg, Pennsylvania 17101** | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## COLLECTIVE ACTION PETITION

### Introduction

1.    To avoid the protections afforded to employees by federal and state law, Defendant Vector Marketing Corporation ("Vector") willfully misclassifies its Division Managers, including Plaintiff Justin Donald ("Donald"), as independent contractors, and, among other things, has failed to properly pay them overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Missouri Minimum Wage Law ("MMWL"), § 290.500 RSMo. *et seq.*

### Parties

2.    At all times relevant to this matter, Donald was a resident of St. Louis County, Missouri, where he worked out of Vector's St. Louis County office as its Division Manager.[1]

3.    Donald's FLSA claim is filed as a collective action under 29 U.S.C. § 216(b), and is brought by and on behalf of all persons who are or have been at some time employed by Vector

---

[1] Donald currently resides in Travis County, Texas.

DEFENDANT'S
EXHIBIT

A

Electronically Filed - St Louis County - July 28, 2017 - 02:24 PM

as a Division Manager in the three-year period preceding the filing of this Petition (the "Class Period"). These similarly-situated individuals are collectively referred to as "Class Members" or the "Class."

4.    Vector is a Pennsylvania corporation that does business nationwide, including in St. Louis County. Vector employed Donald and its other Division Managers within the meaning of the FLSA and the MMWL despite improperly labeling them as independent contractors.

## Jurisdiction and Venue

5.    This Court has subject matter jurisdiction over this action because state and federal courts have concurrent jurisdiction under the FLSA and this Court has original jurisdiction over Donald's MMWL claim.

6.    This Court has personal jurisdiction over Vector because it regularly conducts business in Missouri and it employed Donald as a Division Manager in Missouri.

7.    Venue is proper in this Court pursuant to Mo. Rev. Stat. § 508.010.

## Facts

8.    Vector is the primary sales arm of its parent company, Cutco Corporation ("Cutco"), a direct sales company that sells kitchen cutlery and accessories throughout the nation, including in St. Louis County.

9.    Vector sells Cutco products to the general public directly through an army of Sales Representatives, whom it also classified as independent contractors. These Sales Representatives are "managed" by so-called Assistant Managers and Branch Managers in Vector's various local offices, who likewise are classified by Vector as independent contractors. Above Assistant Managers and Branch Managers are District Managers, who operate permanent sales offices within a specified geographic location and are also labeled as independent contractors. At the next level

Electronically Filed - St Louis County - July 28, 2017 - 02:24 PM

are Vector's Division Managers, who oversee a specific geographic sales area, including several of Vector's district and branch offices, and, as noted, are classified by Vector as independent contractors. Division Managers report directly to Vector's Regional Managers, who in-turn report to Vector's CEO. Ironically, Regional Managers are classified by Vector as bona fide employees.

10.    Upon information and belief, Vector employs approximately 36 to 42 Division Managers, all of whom it has improperly classified as independent contractors.

11.    From approximately June 1998 to March 2017, Vector promoted Donald from Sale Representative to Assistant Manager to Branch Manager to District Manager and, most recently, to Division Manager. Vector trained Donald for his various management roles within Vector.

12.    For the past twelve (12) years, Donald has been employed as a Division Manager, working out of Vector's office in St. Louis County. In this role, Donald oversaw the Gateway Division (Southern Illinois, Missouri, Kansas, Iowa, and Nebraska), including anywhere from 15 to 30 of Vector's district and branch offices each year. He typically worked 60 hours per week or more. Upon information and belief, other Division Managers worked similar hours.

13.    Vector's Division Managers have at least the following indicia of an employment (not an independent contractor) relationship with Vector:

      a.  Vector retains the right to control, and in fact does control, the manner and means by which the Division Managers accomplish their work;

      b.  Vector requires Division Managers to live in certain geographical areas and are instructed where to operate their offices;

      c.  Division Managers are instructed by Vector on how to allocate their time and how to perform their tasks;

      d.  Vector has the right to hire, fire and/or discipline any of its Division Managers, and in fact did fire Donald and several other Division Managers;

Electronically Filed - St Louis County - July 28, 2017 - 02:24 PM

e.   Division Managers receive training from Vector on how to manage and oversee their sales force;

f.   Division Managers are consistently told by Vector to not engage in business that is distinct from that of Vector;

g.   Division Managers are required by Vector to attend weekly conference calls, quarterly regional meetings and semi-annual and annual national meetings.  The expenses incurred by the Division Managers to travel to and attend these meetings are fully paid for by Vector;

h.   Division Managers received a weekly pay check from Vector in varying amounts based on the individual Division Manager's recruiting and sales volume for that pay period;

i.   Vector commonly assigned extra work to Division Managers, above and beyond what is set forth in their so-called "Independent Contractor" agreements;

j.   The services provided by the Division Managers are integral to Vector's sales model, which relies on Division Managers to recruit and train Sale Representatives;

k.   Vector instructs its Division Managers to work out of their local office; and

l.   Vector requires its Division Managers to submit daily and weekly reports to upper-level management.

14.    To avoid providing Division Managers, including Donald, with the benefits and protections of the FLSA and Missouri law, Vector has willfully and uniformly misclassified them as "independent contractors" rather than employees.

15.    Because of this misclassification, Vector failed to pay Donald and other Class Members any overtime compensation under the FLSA and/or MMWL.

Electronically Filed - St Louis County - July 28, 2017 - 02:24 PM

### Collective Action Allegations

16.     Donald brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the putative Class Members. Donald's consent to this collective action is attached hereto as **Exhibit A**.

17.     Donald is and has been a member of the proposed Class described herein.

18.     The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

19.     Disposition of the FLSA claim in a collective action will benefit all parties and the Court.

20.     Plaintiff and the Class Members are similarly situated in that they have the same or similar primary job duties as Division Managers and are all subject to Vector's same policies treating them as independent contractors. Additionally, as with Donald, Class Members are not paid overtime in accordance with the FLSA.

21.     A collective action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein. The prosecution of separate actions by individual members of the proposed Class would create a risk of inconsistent and/or varying adjudications with respect to individual members of the proposed Class which would or may establish incompatible standards of conduct for Vector. This would create a risk of adjudications with respect to individual members of the proposed Class which would, as a practical matter, be dispositive of the interests of other members of the proposed Class not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

22.     Donald is aware that Vector's illegal policies or practices have been imposed upon Class Members. Like Donald, the Class Members are employed by Vector as Division Managers.

Electronically Filed - St Louis County - July 28, 2017 - 02:24 PM

23.     Therefore, Donald, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging Vector's above-described FLSA violations.  The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Vector, and potential class members may easily and quickly be notified of the pendency of this action.

24.     Class Members should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

25.     Donald reasserts and incorporates by reference the allegations contained in paragraphs 1 through 24 as though fully set out herein.

26.     At all times relevant to this action, Donald and the Class Members have been entitled to the rights, protections, and benefits provided under the FLSA.

27.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §§ 206-207.

28.     Vector is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its Division Managers are engaged in commerce.

29.     Vector violated the FLSA by failing to pay its Division Managers at least the required minimum wage and/or overtime pay for hours worked in excess of forty (40) hours per week.  It has also failed to keep accurate records of all hours worked by its Division Managers.

6

Electronically Filed - St Louis County - July 28, 2017 - 02:24 PM

30.     Donald and the Class Members have been subjected to Vector's unlawful, nationwide practices whereby Vector misclassifies its Division Managers as independent contractors, when they are in fact employees, and Vector fails to compensate its Division Managers in accordance with the FLSA.   These policies, in violation of the FLSA, have been applied to Donald in St. Louis County and to other Class Members throughout the nation.

31.     Donald and all similarly-situated employees are entitled to damages equal to the payment of minimum wages and/or mandated overtime premium pay within the three years preceding the filing of this Complaint, because Vector acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

32.     Vector has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Donald and the other Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages and/or overtime pay described pursuant to the FLSA.

33.     Vector is also liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Donald, and other Class Members, demand judgment against Vector on Count I of Donald's Complaint and pray that this Court:

      a.    Issue notice to all similarly-situated employees of Vector informing them of their right to file consents to join the FLSA portion of this action;

      b.    Award Donald and all similarly-situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

      c.    Award Donald and all similarly-situated employees pre-judgment and post-judgment interest as provided by law;

Electronically Filed - St Louis County - July 28, 2017 - 02:24 PM

    d.   Award Donald and all similarly-situated employees attorneys'
fees and costs as allowed by Section 216(b) of the FLSA; and

    e.   Award Donald and all similarly-situated employees such
further relief as the Court deems just and proper.

## COUNT II – VIOLATION OF THE MISSOURI MINIMUM WAGE LAW

34.    Donald reasserts and incorporates by reference the allegations contained in paragraphs 1 through 33 as though fully set out herein.

35.    Donald has been subjected to Vector's unlawful, nationwide practice whereby Vector misclassifies its Division Managers are independent contractors, when they are in fact employees, and Vector fails to compensate its Division Managers in accordance with MMWL. These policies, in violation of the MMWL, have been applied to Donald in St. Louis County.

36.    Vector has violated Missouri law, in relevant part, by failing to pay minimum wages and/or overtime pay owed to Donald as required by the MMWL.

37.    Further, Donald is entitled to recover liquidated damages in an amount equal to their compensatory damages, attorneys' fees, and costs, pursuant to Mo. Rev. Stat. § 290.527.

WHEREFORE, Donald demands judgment against Vector on Count II of Donald's Complaint and pray that this Court:

    a.   Award Donald compensatory and liquidated damages under
and Mo. Rev. Stat. § 290.527;

    b.   Award Donald pre- and post-judgment interest as provided by
law;

    c.   Award Donald attorneys' fees and costs as allowed by Mo.
Rev. Stat. § 290.527;

    d.   Award Donald such other relief as the Court deems just and
proper.

Electronically Filed - St Louis County - July 28, 2017 - 02:24 PM

Respectfully submitted,

CARMODY MACDONALD P.C.

By:    /s/ S. Todd Hamby
       S. Todd Hamby #40367
       Edwin C. Ernst, IV #57521
       Colin M. Luoma #65000
       120 South Central Avenue, Suite 1800
       St. Louis, Missouri 63105-1705
       314-854-8600 Telephone
       314-854-8660 Facsimile
       sth@carmodymacdonald.com
       ece@carmodymacdonad.com
       cml@carmodymacdonald.com

*Attorneys for Donald Justin Donald individually
and on behalf of all others similarly situated*

9